# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| V. | § | 5:07-CR-5 |
| | § | |
| GARY TRICE | § | |

## MEMORANDUM ORDER

The above-entitled and numbered criminal action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. No objections were filed to the Report and Recommendation. The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. Accordingly, it is hereby

**ORDERED** that Defendant's plea of true to the first, third, and fifth allegations is **ACCEPTED**. It is further

**ORDERED** that Defendant's supervised release is **REVOKED**. Based upon Defendant's plea of true to the allegations, the Court finds Defendant violated his conditions of supervised release. It is further

**ORDERED** that Defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of 120 days, with credit for 30 days having already been served, with a two-year term of supervised release to follow said term of imprisonment. It is further

**ORDERED** that within 72 hours of release from the custody of the Bureau of Prisons,

Defendant shall report in person to the probation office in the district to which the defendant is released. While on supervised release, Defendant shall not commit another federal, state, or local crime, and shall comply with the standard conditions that have been adopted by the Court, and shall comply with the following additional conditions.

Defendant shall pay restitution totaling $36,240.50 to the victim listed in the "Victim Impact" section of the Presentence Report. The restitution payments shall begin immediately. Any amount that remains unpaid when Defendant's supervision commences is to be paid on a monthly basis at a rate of at least 10% of Defendant's gross income, to be changed during supervision, if needed, based on Defendant's changed circumstances, pursuant to 18 U.S.C. § 3664(k). Additionally, at least 50% of the receipts received from gifts, tax returns, inheritances, bonuses, lawsuit awards, and any other receipt of money (to include, but not limited to, gambling proceeds, lottery winnings, and found money) must be paid toward the unpaid restitution balance within 15 days of receipt. Restitution is payable by cashier's check or money order made out to the United States District Court and forwarded to the Fine and Restitution Section, U.S. Courts, P.O. Box 570, Tyler, Texas 75710. Interest is waived.

Defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring his restitution payments and his efforts to obtain and maintain lawful employment. Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full. Defendant shall not participate in any form of gambling unless payment of any financial obligation ordered by the Court has been paid in full. Defendant shall submit to a drug test within 15 days of release on supervised release, and at least two periodic

drug tests thereafter, as directed by the probation officer. It is further

**REQUESTED** that Defendant be supervised by a probation office from within the Beaumont Division of the Eastern District of Texas.

**SIGNED this 14th day of October, 2011.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE